*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

*ANNETJE NOYES,* )
)
*Plaintiff* )
)
*v.* )     *Docket No. 05-70-B-W*
)
*JO ANNE B. BARNHART,* )
*Commissioner of Social Security,* )
)
*Defendant* )

*REPORT AND RECOMMENDED DECISION*[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge erred in finding that she could return to her past relevant work and in failing to take into account the effects of her medication. I recommend that the court vacate the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from disorders of the back, an impairment that was severe but which did not meet or medically equal the criteria of any impairment listed in Appendix 1 to Subpart P, 40 C.F.R. Part 404 (the "Listings"), Findings 3-4, Record at 31; that her allegations regarding her limitations were not totally credible, Finding 5, *id.*; that she retained the residual functional capacity to perform the exertional demands of light work, while being restricted

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on November 29, (*continued on next page*)

1

from climbing, and limited to occasional balancing, stooping, kneeling, crouching or crawling, Finding 7, *id*.; that her past relevant work as a dental office manager did not require the performance of work-related activities precluded by her residual functional capacity, Finding 8, *id*.; that her medically determinable impairment did not present her from performing her past relevant work and that she accordingly was not under a disability as that term is defined in the Social Security Act at any time through the date of the decision, Findings 9-10, *id*.  The Appeals Council declined to review the decision, *id*. at 4-6, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination made must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusions drawn.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential process, at which stage the claimant bears the burden of proof of demonstrating inability to return to past relevant work.  20 C.F.R. § 404.1520(e); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (!987).  At this step the commissioner must make findings of the plaintiff's residual functional capacity and the physical and mental demands of past work and determine whether the plaintiff's residual functional capacity would permit performance of that work.  20 C.F.R. § 404.1520(e); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62") at 813.

---

2005, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

**Discussion**

The plaintiff first contends that the administrative law judge's finding at Step 4 is not supported by substantial evidence, specifically because he relied on a perceived inconsistency between her testimony and the written record which in fact does not exist.  Statement of Specific Errors ("Statement of Errors") (Docket No. 6) at 2.  The plaintiff testified that she worked as a dental assistant at times when she was an office manager.  Record at 54-56.  She also testified that she was in charge of ordering supplies and putting them away.  *Id.* at 56.  The vocational expert testified that an office manager usually does not move boxes, carry, lift, reach or organize; ordinarily, a dental assistant is in charge of stocking for a dentist.  *Id.* at 58.

The administrative law judge addressed this issue as follows:

> The claimant testified and further asserts in her post-hearing memorandum that she worked in a job that combined the duties of a dental assistant with an office manager.  (Exhibit 8E).  If her job description was accurate, her argument that evaluating her past relevant work based on the least demanding of the two jobs is inconsistent with the intent of the Act, [sic] would be correct.  However, the record evidence differs from the claimant's testimony.  The claimant reported on two separate occasions that she worked solely as a Dental Office Manager from September, 1994 through March 1998. (Exhibits 2E, 3E).  The claimant described the position of office manager ". . . overseeing personnel and inhouse [sic] related tasks" (Exhibit 3E).  The claimant did not report that she performed the duties of a dental assistant, which contradicts her testimony, wherein she stated she performed the duties of a dental assistant as needed. . . .  Controlling weight is given to these written reports and her testimony is rejected in consideration of the earlier cited inconsistencies between her testimony and the written records. (Exhibit 3E).  Based on the claimant's self-report set forth in Exhibit 3E, the vocational witness testified the claimant performed the position of office manager consistent with the description of the job as set forth in the Dictionary of Occupational Titles.

Record at 30.  This recitation misstates both the testimony of the vocational expert, *id.* at 53-62, and the content of Exhibits 2E and 3E.  In Exhibit 3E the plaintiff reported that, while working as an office manager at the "same dental office" from September 1994 through March 1997, *id.* at 156, ("Job No.

5"), she was "responsible for all ordering and maintaining of office supplies," "had to move boxes, carry, lift and reach to organize in [sic] office supplies," and "also filled in as a dental assistant or at the front desk if short staffed," *id*. at 161, 163.  The plaintiff clearly did report that she performed the duties of a dental assistant during this period and the written report is not at all inconsistent with her testimony at the hearing.  The same report is made in Exhibit 2E, where the plaintiff reported that she worked as a "dental assistant/office manager" from 1987 through 1998.  *Id*. at 154.  The vocational expert actually testified that the job as the plaintiff described it was inconsistent with the DOT.  *Id*. at 55.

As the administrative law judge himself noted, *id*. at 30, if the plaintiff's description of her job were accurate, evaluation of her past relevant work based on the less physically demanding of the two jobs would be inconsistent with the Social Security Act, *see Taylor v. Bowen*, 664 F. Supp. 19, 22-23 (D. Me. 1987).[2]  *See also Bechtold v. Massanari*, 152 F.Supp.2d 1340, 1345-46 (M.D. Fla. 2001); *Berthiaume v. Apfel,* 1990 WL 814267 (D.N.H. Sept. 30, 1999), at *6.  The administrative law judge's conclusion that the plaintiff's description of her job in her testimony was not accurate because it was inconsistent with her written reports is based on an error in reading those reports.  That in turn means that his conclusion is not supported by substantial evidence.  Remand is therefore required.

At oral argument, counsel for the commissioner contended that her decision must nonetheless be upheld because current law allows the administrative law judge to base a finding that a claimant is able to return to past relevant work either as the claimant describes her specific past job or as that job is usually performed in the national economy, and the administrative law judge held that the latter was

---

[2] At oral argument, counsel for the commissioner argued that *Taylor* is not case law applicable to the instant case because, when that case was decided, the sequential evaluation procedure involved only three steps, while it now involves five distinct steps, and because the applicable legal standard was whether the claimant could return to her particular past relevant work or her former type of work, while the standard now is whether the claimant can return either to her particular past relevant work or her past relevant work as it is performed in the national economy.  I need not address this argument because the commissioner is bound in this case by the (*continued on next page*)

the case here.  Counsel cited *Santiago v. Secretary of Health & Human Servs.*, 944 F.2d 1 (1st Cir. 1991), and 20 C.F.R. § 404.1560(b)(2) in support of this argument.  In *Santiago*, the court did say in *dicta* that

> [a]lternatively, when the demands of the particular job which claimant performed in the past cannot be met, if the claimant has the capacity to meet the functional demands of that occupation as customarily required in the national economy, then a finding of non-disability also follows.  SSRs 82-61; 82-62.  This second prong of step four's disjunctive test is not an issue here.

*Id*. at 5 n.1.  *See also*  20 C.F.R. § 404.1560(b)(2); *Lyons v. Barnhart*, 2004 WL 202837 (D. Me. Jan. 30, 2004), at *3 n.6.  However, as was the case in *Lyons*, the opinion of the administrative law judge in this case cannot reasonably be construed to include findings with respect to the occupation of dental office manager as customarily performed in the national economy as distinct from findings about the job as it was performed by the plaintiff.  Contrary to the suggestion of counsel for the commissioner at oral argument, it is not the testimony of the vocational expert that determines whether the administrative law judge relied on the "second prong of step four's disjunctive test" but rather the decision itself.  Here, no such reliance is apparent; the necessary findings are not made.

Although it is not necessary for the court to reach the second issue raised by the plaintiff, I will address it briefly for the convenience of the parties should the court disagree with my recommended disposition of the first issue or on remand.  The plaintiff contends that the administrative law judge "had an obligation to further explore the side effects of medication issue."  Statement of Errors at 7. The administrative law judge did ask the plaintiff whether she had any side effects from the medications she was taking.  Record at 46.  The plaintiff responded that "they make me tired" and that "when I take the Percocet, it has a tendency to make me depressed."  *Id*.  She later testified that the medications caused her to "rest a great deal," kept her "on a lower level of energy than I used to

---

administrative law judge's admission that evaluation of the plaintiff's past relevant work based on the less physically demanding of the (*continued on next page*)

5

have," and that she spent "at least a couple of hours lying down in the afternoon." *Id*. at 63-64.  The

plaintiff takes issue, Statement of Errors at 5-7, with the administrative law judge's finding that her

testimony, which he characterized as "that the medications make her 'tired and sleepy' to the point

where she needs a two hour nap in the afternoon," — a characterization made only by her attorney,

Record at 65 — was "not fully credible in light of her wide-ranging activities of daily living and the

lack of complaint of these adverse reactions in the medical record," *id*. at 29.  The administrative law

judge's discussion of the plaintiff's activities of daily living, *id*. at 28-29, was sufficient to support his

discounting of the testimony as characterized by the plaintiff's attorney.  Nothing in *Figueroa v.*

*Secretary of Health, Education & Welfare*, 585 F.2d 551 (1st Cir. 1978), the case cited in support of

the plaintiff's argument on this point, Statement of Errors at 7, requires remand in this case.[3]  As I

noted in *MacArthur v. Massanari*, 2001 WL 1502579 (D. Me. Nov. 26, 2001), in *Figueroa* the

appellant claimed that the side effects of his seizure medication were themselves disabling and the

applicable regulations recognized that the medication might create problems, *id*. at *2 n.4, both factors

which are not present here.  As I did in *MacArthur*, *id*., I take further comfort in the holding of an

unpublished decision of the First Circuit in which it held that

> [W]e are in no way troubled by claimant's objection that the ALJ
> impermissibly ignored her testimony that the side-effects of her medications
> made her too sleepy to engage in work activity.  There was no mention of this
> problem anywhere in the medical evidence.  In the absence of any medical
> evidence, the ALJ was entitled to disregard claimant's testimony.

two jobs, the office manager job, would be inconsistent with the Social Security Act if her testimony about the job were accurate.

[3] The plaintiff asserts that Dr. Joseph Nabozny, her treating physician, "had submitted a report indicating that he was aware of the side effects," Statement of Errors at 7, citing page 278 of the administrative record.  All that Dr. Nabozny says at that page of the record, in a letter requested by the plaintiff's attorney, is that the benefits of the narcotic pain medicines prescribed for the plaintiff "probably at [sic] minimally outweigh the risks which are constipation, drug dependency, lethargy, etc."  Record at 278.  This statement cannot reasonably be interpreted, however hard the plaintiff presses it, as a conclusion by Dr. Nabozny that the plaintiff did in fact suffer the fatigue of which she complained as a side effect of those medications.

*De Jesus v. Secretary of Health & Human Servs.*, 1992 WL 137507 (1st Cir. June 19, 1992) at ** 3. There is no error in the administrative law judge's treatment of the plaintiff's testimony concerning the side effects of her medications.

### Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which* <u>*de novo*</u> *review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to* <u>*de novo*</u> *review by the district court and to appeal the district court's order.*

Dated this 30th day of November, 2005.

<u>/s/ David M. Cohen</u>
David M. Cohen
United States Magistrate Judge